RECEIVED
CHAMBERS OF
FEB 15 2008
JUDGE SCHEINDLIN

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL CHESTNOV
*Assistant Corporation Counsel*
(212) 788-0991
(212) 788-9776 (fax)
mchestno@law.nyc.gov

February 14, 2008

**BY HAND**
Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Roy Taylor and those similarly situated v. DOC C.O. Gray, et al.
      07 Civ. 8838 (SAS)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants Warden Bailey and the City of New York (sued herein as "NYC Government"). Defendant Bailey respectfully requests that his time to respond to the complaint in this action be extended for sixty days from February 4, 2008 to April 4, 2008, and defendant City of New York respectfully requests that its time to respond to the complaint be extended from February 20, 2008 until April 4, 2008.[1]  Plaintiff is

---

[1] A request for a waiver of service of summons addressed to a "Commissioner Warren" was received by the New York City Department of Correction's ("NYC DOC") Legal Division. On information and belief, there is no individual with the title "Commissioner Warren" employed by the NYC DOC. Moreover, there is no indication whether defendants, C.O. Gray, Captain Miller, C.O. Pena, Podiatrist Goldberg, Richard Sewel, Law Library Worker Zigler, Captain Murphy, Captain McCrary, C.O. Mariner, C.O. Brutts, C.O. Saunderson, "GMDC Sec.", C.O. Williams, Dep. Lemon, Dep. Warden Ramos, Captain Smith, Captain Williams, C.O. Thorn, C.O. Battle, C.O. Hawkins, Greivance Coordinator Moultree, C.O. Davis, C.O. McLeod, Captain Green, Counselor Glavine, Rec Guard James, rec Guard Pollaro, Captain Bell, Captain McDuffy, Rec. Officer McKnight, Warden Hora Hard, C.O. Kalber, Captain Salamon, Police Officer Sanchez, Police Officer Callaghan, and Police Officer Brautigam, have been served with a copy of the summons and complaint. As of this date, no request for representation has been received with respect to any of these defendants nor does the docket sheet reflect service on these individuals. Without appearing on their behalf, it is respectfully requested that, once they are served, the same extension be granted to them in order to ensure that their defenses are not jeopardized while representation issues are being decided.

---

*[Handwritten endorsement]:* Request granted. Defendants' time to move or answer is extended to and including April 4, 2008. This will not affect the scheduling of the initial conference. So Ordered. [signed] 2/19/08

incarcerated and proceeding *pro se*; accordingly, this application is made directly to the Court. On behalf of defendant Bailey, I apologize to the Court for the lateness of this request, as this matter was first assigned to me late yesterday evening.

From a preliminary review of the complaint, plaintiff alleges that he was subjected to excessive force by correction officers on several occasions, was subjected to excessive force by a law library worker on another occasion, was denied access to the courts, was maliciously prosecuted, subjected to an illegal search and seizure and was falsely arrested. Plaintiff further asserts several different claims for deliberate indifference to medical needs, and brings a litany of claims regarding the conditions of his confinement. Moreover, it appears that plaintiff also asserts a claim that he was denied due process with respect to an infraction that he received.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. As noted above, plaintiff has brought numerous claims regarding many different incidents. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Complicating this process is the fact that plaintiff did not provide dates of incident for a few of his claims. In addition, plaintiff has named approximately forty individual City defendants in this matter. Currently, this office is in the process of forwarding to plaintiff for execution a medical release, which is necessary for our office to obtain the medical records pertaining to plaintiff's alleged injuries and treatment. Moreover, while plaintiff's complaint fails to state what the disposition of the criminal charges that are the basis for his false arrest, malicious prosecution and illegal search and seizure claims was, if plaintiff was not convicted of these charges, all records associated with this search, arrest, and prosecution would be sealed pursuant to N.Y. C.P.L. § 160.50 Accordingly, this office is also in the process of forwarding to plaintiff a consent and authorization for records sealed pursuant to N.Y. C.P.L. § 160.50, which may be necessary for our office to obtain the police, district attorney, and criminal court records associated with plaintiff's underlying arrest and prosecution.

Further, assuming plaintiff effects timely service on the numerous individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made in this action. Accordingly, defendants respectfully request that their time to respond to the complaint be extended until April 4, 2008.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Michael Chestnov
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Roy Taylor, plaintiff *pro se*
#349-06-15546
N.I.C.
15-00 Hazen St.
East Elmhurst, NY 11370 (Via First Class Mail)