

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MORGAN D. KUNZ**
*Assistant Corporation Counsel*
phone: (212) 788-0422
fax: (212) 788-9776
mkunz@law.nyc.gov

March 13, 2008

**BY HAND**
Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   Roy Taylor and those similarly situated v. DOC C.O. Gray, et al.
           07 Civ. 8838 (SAS)

Your Honor:

       I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York (sued herein as "NYC Government"), the New York City Department of Correction, and Warden Bailey (hereinafter "City defendants"). Plaintiff Roy Taylor, who is proceeding *pro se*, has brought the above referenced civil rights action alleging, *inter alia*, that he was falsely arrested and maliciously prosecuted following his arrest on August 31, 2006, and that he was assaulted by a Correction Officer while in custody on April 17, 2007. However, on information and belief, criminal charges stemming from both incidents are still pending in state court, and accordingly, the City defendants respectfully request that the Court stay this matter, in its entirety, pending the disposition of plaintiff's criminal cases.[1] Should the Court grant this request, the City defendants

---

[1] A request for a waiver of service of summons addressed to a "Commissioner Warren" was received by the New York City Department of Correction's ("DOC") Legal Division. On information and belief, there is no individual with the title "Commissioner Warren" employed by DOC. Additionally, on information and belief, defendants C.O. Saunderson, C.O. McLeod, Police Officer Callaghan, and Police Officer Brautigam, have received a copy of the summons and complaint and have requested representation from the Corporation Counsel. Additionally, the Court's docket sheet indicates that defendants Captain Miller and C.O. Gray have both been served with summons in this case. As of yet, however, no request for representation has been received in regard to these defendants. Additionally, there is no indication whether the remaining defendants – C.O. Pena, Podiatrist Goldberg, Richard Sewel, Law Library Worker Zigler, Captain Murphy, Captain McCrary, Captain McCray C.O. Mariner, C.O. Brutis, "GMDC Sec.", C.O. Williams, Dep. Lemon, Dep. Warden Ramos, Captain Smith, Captain Williams, C.O. Thorn, C.O. Battle, C.O. Hawkins, Grievance Coordinator Moultree, C.O. Davis, Captain Green, Continued...

---

*[Handwritten order:]* This case is hereby placed on the court's suspense docket. Defendants' counsel is ordered to update this Court every three months as to the status of the underlying prosecutions. So Ordered. [signature] USDJ 3/14/08

respectfully request that the initial conference currently scheduled for March 21, 2008 at 3:45 pm be adjourned until after the stay has been lifted. Plaintiff is currently incarcerated and proceeding *pro se*, I have been unable to confer with him regarding this request, and accordingly this application is made directly to the Court.

Plaintiff's complaint alleges malicious prosecution following his arrest on August 31, 2006. Plaintiff alleges that there was insufficient probable cause for his arrest and accordingly the complaint could also be liberally construed to include a claim for false arrest. Plaintiff has been in custody since his arrest, and he also brings numerous claims stemming for that confinement. Specifically, plaintiff claims that he was assaulted on September 7, 2006, April 17, 2007, and May 11, 2007. Plaintiff further alleges denial of medical care and denial of access to the courts, and he also challenges the conditions of his confinement, including his access to religious services, the quality of his food, and his access to personal hygiene products.

As the Supreme Court recently held, when a plaintiff files a false arrest claim or any claim related to an underlying criminal case that is still pending, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." Wallace v. Kato, 127 S. Ct. 1091, 1098, 2007 U.S. LEXIS 2650, at *18 (February 21, 2007); see also, United States v. Kordel, 397 U.S. 1, 12 n.27, (1970) (noting that "federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action."). Indeed, "it is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995). In this case, plaintiff's complaint intersects with two separate criminal proceedings. Plaintiff is being prosecuted in New York County, under docket number 04664-2006, for numerous crimes stemming from his arrest on August 31, 2006. Plaintiff is also being prosecuted in Bronx County, under docket number 02577-2007, for crimes stemming from an incident that occurred while he was in DOC custody on April 17, 2007. Plaintiff's complaint contains allegations in regard to both of these prosecutions. Plaintiff's next

---

Captain Williams, "OBCC Legal Aid Staff" Steve Lyons, Counselor Glavine, Rec Guard James, Rec Guard Pollard, Captain Bell, Captain McDuffy, Rec. Officer Knight, "OBCC Health Admin.", "Intake 7-3 Staff", Warden Hora Hard, C.O. Kalber, Captain Salamon, and Police Officer Sanchez – have been served with a copy of the summons and complaint. As of this date, no request for representation has been received with respect to any of these defendants nor does the docket sheet reflect service on these individuals. However, this office recently received a letter from plaintiff in which he expressed his desire to dismiss his claims against defendants Knight, Glavine, Lyons, "PA" Williams, "Medical Administrator Robinson", Mariner, Murphy, Lemon, Ramos, Smith, Hawkins, Captain Williams, Green, Brutis, "West Facility Podiatrist", Goldberg, Captain Salmon, CO Kalner, Bell, and Davis. Plaintiff's letter included an additional defendant who he wished to dismiss, but that individuals name is illegible. Plaintiff's letter also asked the Court for an extension of time to serve some defendants and for permission to amend his complaint.

court appearance in the New York County criminal case is scheduled for March 20, 2008, and in the Bronx County criminal case it is scheduled for April 1, 2008.

As courts in this Circuit have opined, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Crawford & Sons v. Besser, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) (quoting Johnson v. N.Y. City Police Dep't., 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *4 (S.D.N.Y. July 16, 2003)); see also Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985). In instances where the plaintiff has been indicted, as is the case here, courts in this Circuit favor a stay. See In re Par Pharmaceutical, Inc. Securities Litigation, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."); Johnson, 2003 U.S. Dist. LEXIS 12111, at *4. "This is because the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case." Johnson, 2003 U.S. Dist. LEXIS 12111, at *5. Furthermore, a stay of a federal civil rights action allows the "state proceeding to go forward without interference from its federal sibling, while enforcing the duty of the federal courts to assume jurisdiction where jurisdiction properly exists." Deakins v. Monaghan, 484 U.S. 193, 202-03 (1988) (internal citations omitted).

Finally, as plaintiff brings claims for false arrest, malicious prosecution and denial of access to the courts, the outcome of his criminal cases will have a substantial impact on this § 1983 action. In the event that plaintiff is convicted, his claims for false arrest and malicious prosecution would be barred, since he would not be able to show that the criminal case terminated in his favor. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a § 1983 action for false arrest or malicious prosecution is barred if plaintiff was convicted and the conviction was not invalidated.). Inversely, if the criminal charges are dismissed, then plaintiff's claims for denial of access to the courts claim would be foreclosed, since he would not be able to show any actual injury for his alleged denial of access to the courts. Santiago v. N.Y.C. Dep't. of Corr., 97 Civ. 9190 (LBS)(GWG), 2003 U.S. Dist. LEXIS 3084, at *13-*15 (S.D.N.Y. March 6, 2003) (must show actual injury to prevail on a denial of access to the courts claim). Accordingly, the outcome of plaintiff's criminal case will substantially effect this § 1983 action. See Mack v. Varelas, 835 F.2d 995, 999 (2d Cir. 1987) (stay warranted where one possible outcome of the criminal proceedings could negate an essential element of plaintiff's § 1983 claim); Johnson, 2003 U.S. Dist. Lexis 12111, at *4 (stay granted where civil and criminal actions arose out of the same events and "a conviction in the criminal action would bar [plaintiff's] false arrest and malicious prosecution claims.").

While the entry of a stay is, of course, a matter for the Court's discretion, we respectfully submit that on balance, the factors outlined above warrant such an action in this case. Should the Court grant this request, we would further respectfully request that the conference scheduled for March 21, 2008 at 3:45 pm be adjourned until after the stay has been lifted, and that defendants be permitted two weeks from the time such stay is lifted to answer or otherwise respond to the complaint.

I thank the Court for its time and consideration of this request.

3

Respectfully submitted,

*[signature]*

Morgan D. Kunz
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Roy Taylor, plaintiff *pro se*
#349-06-15546
N.I.C.
15-00 Hazen St.
East Elmhurst, NY 11370 (Via First Class Mail)