UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ROY TAYLOR AND THOSE SIMILARLY SITUATED,

                              Plaintiff,

          -against-

DOC C.O. GRAY, DOC CAPTAIN MILLER, CO
PENNA OF MDC & PAUL ZIGLER, NYC
GOVERNMENT, PEOPLE OF THE STATE OF NEW
YORK, NYC DOC DEPARTMENT OF
TRANSPORTATION, WEST FACILITY PEDIATRIST
GOLDBERG, BELVUE HOSPITAL
PODIATRIST/ORTHOPEDIC SERGEON RICHARD
SEWEL, NYC DOC COMMISSIONER WARREN,
GMDC WARDEN BAILEY, GMDC CAPTAINS
MURPHY, MCCRARY, MCCRAY, GMDC C.O.
MARINER, C.O. BRUTIS, C.O. SAUNDERSON, GMDC
SEC, C.O. WILLIAMS, DEP LEMON, GRVC DEP
WARDEN RAMOS, CAPTAIN SMITH, GRVC
CAPTAIN WILLIAMS, C.O. THORN, GRVC C.O.
BATTLE, HAWKINS AND GRVC GRIEVANCE
COORDINATOR MOULTREE, GRVC MAILROOM CO
DAVIS, AMKC MCLEOD, CAPTS GREEN &
WILLIAMS, OBCC LEGAL AND STAFF STEVE
LYONS, SOCIAL SERVICE COUNSELOR GLAIVINE,
OBCC REC GAURDS: JAMES, POLLARD, CAPT.
BELL & MCDUFFY REC OFFICERS KNIGHT, OBCC
HEALTH ADM & INTAKE 7-3 STAFF, OBCC
WARDEN HORA HAND & CAPT SALAMON, C.O.
KALBER, ATTRYS PEKA MICTHEL, PHIL GAYNOR,
STUART SINGER, C.O. GRAY.

                              Defendants.
------------------------------X



SCHEDULING ORDER

~~07 CV 6939 (SAS)~~
07 Civ. 8838 (SAS)

Conference Date: July 29, 2008

       WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on July 7, 2008, (the "Order"); and

       WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

       NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)  the date of the conference and the appearances for the parties;

- July 29, 2008 at 2:30 p.m.
- Plaintiff Roy Taylor, Plaintiff *Pro Se*, # #349-06-15546, N.I.C., 15-00 Hazen Street, East Elmhurst, NY 11370 (by representative, if any).
- Defendant City of New York, by Morgan D. Kunz, Esq., Assistant Corporation Counsel, Office of the Corporation Counsel, 100 Church Street, New York, New York 10007, (212) 788-0422.

(2)  a concise statement of the issues as they then appear;

Plaintiff's complaint alleges malicious prosecution following his arrest on August 31, 2006. Plaintiff alleges that there was insufficient probable cause for his arrest and accordingly the complaint could also be liberally construed to include a claim for false arrest. Plaintiff has been in custody since his arrest, and he also brings numerous claims stemming for that confinement. Specifically, plaintiff claims that he was assaulted on September 7, 2006, April 17, 2007, and May 11, 2007. Plaintiff further alleges denial of medical care and denial of access to the courts, and he also challenges the conditions of his confinement, including his access to religious services, the quality of his food, and his access to personal hygiene products.

(3)  a schedule including:

(a) the names of person to be deposed and a schedule of planned depositions;

Plaintiff: _____

_____.

Defendant: Defendant's intend to depose plaintiff Roy Taylor. Defendants have not yet scheduled this deposition, but anticipate doing so at least 30 days before the close of discovery. Defendants may depose parties who witnessed any of the incidents, should any such people be identified.

(b) a schedule for the production of documents;

As this case is currently stayed pending resolution of plaintiff's parallel criminal prosecution, the defendants will serve initial demands for production of documents within two weeks of the close of the criminal case and the lifting of the stay in this civil action. The defendants will respond in keeping with the Federal Rules.

(c) dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

The defendants do not anticipate conducting expert discovery at this time, however, they reserve the right to make an application for such discovery should

the need to conduct expert discovery arise based on upon the facts elicited during fact discovery.

(d) time when discovery is to be completed: *(mid-March)*

The defendants request 6 months from the filing of the answer for discovery. ✓

(e) a date by which defendants will supply their pre-trial order matters to plaintiff:

Within one month of the close of discovery.

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed *voir dire* questions and proposed jury instruction, for a jury trial: *(mid-May)*

Within two months of the close of discovery.

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference:

*March 18 at 4:30*

(4)    a statement of any limitation to be placed on discovery, including any protective or confidentiality orders:

At this point, the defendants do not have any proposed limitations on discovery.

(5)    a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:

At this point, the defendants do not now have any discovery issues.

(6)    anticipated fields of expert testimony, if any:

None anticipated at this time. Defendants, however, reserve the right to conduct expert discovery should plaintiff allege any permanent or ongoing physical or mental injury.

(7)    anticipated length of trial and whether to Court or jury:

The defendants anticipate that the trial would last between 3 and 4 days by jury.

(8)    This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

(9)     Names, addresses, phone numbers and signatures of counsel;

Roy Taylor
# #349-06-15546
N.I.C.
15-00 Hazen Street
East Elmhurst, New York 11370

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendant Fraser
100 Church Street, Room 3-195
New York, New York 10007
(212) 788-0422

By: _____
    Roy Taylor
    Plaintiff *Pro Se*

By: _____
    Morgan D. Kunz
    Assistant Corporation Counsel

(10)

SO ORDERED:

_____
HON. SHIRA A. SCHEINDLIN, U.S.D.J.

7/29/08

4