UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                         :

Roy Taylor,                             :

                  Plaintiff,         :

      -against-                :        ORDER

C.O. GRAY, *et al.*,           :        07 Civ. 8838 (SAS)

                 Defendants.   :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/27/08

SHIRA A. SCHEINDLIN, U.S.D.J.:

        On August 14, 2008, pro se plaintiff Roy Taylor filed a motion for appointment of counsel. For the reasons that follow, Taylor's motion is denied.

## I.    Applicable Legal Standard

        There is no constitutional right to appointed counsel in civil cases. Moreover, due to the scarcity of volunteer attorneys, the Second Circuit has cautioned against the routine appointment of pro bono counsel in civil cases.[1]

        In *Hodge v. Police Officers*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent pro se plaintiff's

---

[1] *See Cooper v. A. Sargenti Co., Inc.*, 87 F.2d 170, 172 (2d Cir. 1989).

request for appointment of counsel.[2] As a threshold requirement, the court must decide whether the plaintiff's claim "seems likely to be of substance."[3] If the plaintiff satisfies this requirement, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.[4]

In considering these factors, district courts should neither apply bright-line rules nor automatically deny appointment of counsel until the applicant has survived a dispositive motion.[5]

## II. Factual and Procedural Background

This is a civil action filed by Taylor – a pre-trial detainee at Rikers Island – alleging numerous violations of his constitutional rights by defendants during his arrest, pending prosecution, and detention. Taylor first alleges that the traffic stop that resulted in his arrest and detention was a result of racial profiling.[6]

---

[2] 802 F.2d 58, 61-62 (2d Cir. 1986).

[3] *Id.* at 61.

[4] *Id.* at 61-62.

[5] *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).

[6] *See* Amended Complaint ¶¶ 1-3.

He next claims that numerous individuals within the criminal justice system "acted in concert" to maintain his bail at an impermissibly high level that caused him to remain in detention and to lose his job.[7] He also claims ineffective assistance of counsel based on – among other complaints – failure to assert his racial profiling claim and failure to allow him to testify before the grand jury.[8] Finally, he describes malicious and arbitrary failures to provide him with statutory criminal procedure rights.[9]

       Taylor's next set of claims concern his treatment in custody. He first asserts that he received inadequate medical care of a foot ailment that requires surgery.[10] Next, he claims that he has been beaten by guards and their prisoner-surrogates several times during his detention.[11] He also claims – as a result of the incidents involving the use of force – that he was impermissibly placed in excessive restraints.[12] He additionally claims interference with his legal mail,

---

    [7]  *Id.* ¶¶ 4-5.

    [8]  *See id.* ¶¶ 6, 9-10, 27-29

    [9]  *See id.* ¶¶ 7-8, 11.

    [10]  *See id.* ¶¶ 13-14.

    [11]  *See id.* ¶¶ 15-16, 18, 22.

    [12]  *See id.* ¶¶ 19-22

access to legal materials, and access to counsel.[13] Finally, Taylor asserts that he has been denied basic privileges such as showers and recreational time or retaliated against for taking advantage of such privileges through – among other actions – property seizure, excessive searches, unwarranted increases in inmate classification, movement to an unsafe housing unit, and humiliation in front of female guards.[14]

Based on these facts, Grey alleges violations of his First, Fourth, Sixth, Eighth, and Fourteen amendment rights.[15]

### III. Discussion

On October 15, 2007, Chief Judge Kimba M. Wood granted Taylor's application to proceed in forma pauperis. Having reviewed Taylor's declaration of financial worth, I find that he qualifies as indigent under *Hodge*. In addition, some of Taylor's claims – if factually accurate – describe violations of his constitutional rights.

Most of the other *Hodge* factors, however, weigh against granting Taylor's motion. Taylor has submitted a thorough complaint, demonstrating an

---

[13] *See id.* ¶¶ 23-25, 29.

[14] *See id.* ¶¶ 30-36.

[15] *See id.* ¶ 37.

ability to investigate the necessary facts and present his case. There may be conflicting evidence implicating the need for cross-examination in this case, but any factual disputes are unlikely to be very complicated. Finally, the legal issues in this case are not very complex and Taylor's submissions to this Court indicate that he is able to understand the relevant legal issues and communicate his points. Thus, appointment of counsel in this case would not make a just determination more likely.

## IV. Conclusion

For the foregoing reasons, Taylor's application for appointment of counsel is denied.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        August 26, 2008

## – Appearances –

**For Plaintiff (pro se):**

Roy Taylor
#349-06-15546
North Infirmary Command
15-00 Hazen Street
East Elmhurst, New York 11370